IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VANESSA SHEROD *AS ADMINISTRATOR OF THE ESTATE OF ELIZABETH WILES, AND IN HER OWN RIGHT*,<br><br>    Plaintiff,<br><br>    v.<br><br>COMPREHENSIVE HEALTHCARE MANAGEMENT SERVICES, LLC *doing business as* BRIGHTON REHABILITATION AND WELLNESS CENTER, ET AL.,<br><br>    Defendants. | 20cv1198<br>ELECTRONICALLY FILED |

**ORDER OF COURT**

AND NOW this 16th day of October, 2020, the Court hereby **DENIES** Defendants' Motion to Stay Remand (ECF 32).

Defendants originally emphasized that removal of the instant action was appropriate under the PREP Act, but now, secondarily, assert removal under the Federal Officer Removal statute. This Court, earlier today, issued an Order (ECF 31) granting the Plaintiff's Motion for Remand (ECF 10) and a corresponding Opinion (ECF 30) discussing, in great detail, the PREP Act. Defendants immediately filed a Motion to Stay the Remand with the ultimate goal of seeking clarification and/or reconsideration of this Court's Order to specifically address the Federal Officer Removal statute, 28 U.S.C. § 1442(a)(1) which was noted in their Notice of Removal (ECF 1-1) and briefed in response to Plaintiff's Motion for Remand (ECF 22). To clarify, the Court's earlier Order GRANTED Plaintiff's Motion to Remand, and remand to the State Court has already occurred.

Both of Defendants' arguments (that complete preemption arises under the PREP Act and/or federal preemption arises pursuant to the Federal Officer Removal Statute) are inapplicable. As to the PREP Act, the Court fully discussed that Act in its Opinion (ECF 30) filed earlier today. As to the Federal Officer Removal argument which Defendants' argue permits removal by any officer, or person acting under that officer, of the United States or any agency thereof, in an official capacity, for or relating to any act under color of such office, the Court rejects that argument for the reasons that follow. 28 U.S.C. § 1442(a)(1).

Removal is appropriate where a defendant can demonstrate that (1) it is a "person" within the meaning of the statute; (2) there is a causal nexus between the person's actions, taken pursuant to a federal officer's directions, and a plaintiff's claims; and (3) the federal officer can assert a "colorable federal defense." *Durham v. Lockheed Martin Corp.* 445 F.3d 1247, 1251 (9th Cir. 2006).

This Court's Opinion (ECF 30) explained how Brighton's alleged failure to provide PPE and other protections to decedent, was not equivalent to a statute (the PREP Act) which required "covered persons" (allegedly, Brighton) to take measures to protect individuals. As this Court stated, "The allegations asserted by Plaintiff in her Complaint directly suggest that the decedent died because Brighton failed to use countermeasures. Plaintiff further alleges that Brighton's failure to utilize countermeasures caused the death of the decedent." ECF 30, p. 13.

Defendants essentially raise the same preemption argument under the Federal Officer Removal statute, 28 U.S.C. § 1442(a)(1). But like their PREP Act argument, there is no causal nexus between Brighton's actions, taken pursuant to a federal officer's directions, and Plaintiff's claims. This is because Plaintiff's claims are predicated upon the fact Brighton did <u>not</u> take action; to the contrary, Plaintiff's claims are predicated upon the alleged <u>inactions</u> taken by

Brighton.[1]  Stated differently, the Defendants (all non-governmental entities) failed to demonstrate to this Court – given the allegations of the Complaint – that "the acts for which they are being sued . . . occurred because of what they were asked to do by the Government."

                              SO ORDERED, this 16th day of October, 2020.

                              s/ Arthur J. Schwab
                              Arthur J. Schwab
                              United States District Court Judge

cc:  All ECF Counsel of Record

---

[1] This Court would also question whether Brighton was "acting under" a federal officer's direction especially given the timeline of events set forth in the Complaint.  (ECF 1-1, ¶60, 83-86).  Moreover, the Court is constrained to see any sort of "delegation" of authority from the United States Department of Health and Human Services to Brighton – Defendants do not point to any examples or evidence of such delegation other than the PREP Act which this Court has thoroughly discussed and dismissed.  Finally, this Court has found no authority whereby Congress authorized an executive branch official (such as the General Counsel for the Secretary of Health and Human Services, upon whom Defendants, here, rely), to "authorize" preemption of claims such as those raised by Plaintiff in this case.  Despite this Court's deep reservations set forth in this footnote, this Court's conclusion to grant the Motion to Remand is predicated on the contents of its Opinion at filed at ECF 30 and in the body of the instant Order.